**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 06-4083

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JERRY WAYNE ROBINSON,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (5:00-cr-137-1-F)

---

Submitted: August 30, 2006        Decided: September 29, 2006

---

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jerry Wayne Robinson appeals the district court's order revoking his supervised release and sentencing him to twenty-four months of imprisonment.  On appeal, Robinson argues that, because the district court sentenced him above the Chapter 7 advisory policy statement range to the statutory maximum without explanation, his sentence is procedurally unreasonable.  We affirm.

This court recently held in United States v. Crudup, ___ F.3d ___, 2006 WL 2243586 (4th Cir. Aug. 7, 2006), that it reviews sentences imposed upon the revocation of supervised release to determine whether the sentence is "plainly unreasonable."  If the court determines that a revocation sentence is procedurally or substantively unreasonable, it must then decide whether the sentence is plainly unreasonable.  Crudup at *5.

In this case, Robinson's sentence was within the applicable statutory maximum and the court expressly stated that it considered the Chapter 7 advisory policy statement range of eight to fourteen months.  The district court questioned Robinson and heard from defense counsel, as well as the probation officer.  The district court, however, did not explicitly state any reasons for its decision to sentence Robinson above the policy statement range to the statutory maximum.

In Crudup, we reiterated that, although a district court must consider the Chapter 7 policy statements and the 18 U.S.C.A.

§ 3553(a) (West 2000 & Supp. 2006) factors applicable to revocation sentences, the court has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum. Crudup at *4. We further reaffirmed that "'a court's statement of its reasons for going beyond non-binding *policy statements* in imposing a sentence after revoking a defendant's supervised release term need not be as specific as has been required when courts departed from *guidelines* that were, before [United States v.]Booker, [543 U.S. 220 (2005),] considered to be mandatory.'" Id. at *4 (quoting United States v. Lewis, 424 F.3d 239, 245 (2d Cir. 2005)) (emphasis in original).

Although the district court did not articulate at the hearing its reasons for sentencing Robinson beyond the policy statement range, we find that the sentence is not plainly unreasonable. The record indicates that Robinson received two downward departures on his original sentence based on his substantial assistance. See U.S. Sentencing Guidelines Manual § 7B1.4, p.s., comment. (n.4) (2005). Furthermore, the probation officer stated to the court that Robinson has an "appalling" record and is "nothing less than a professional criminal." Given the broad latitude afforded the district court to impose statutory maximum revocation sentences, the court's consideration of the relevant policy statement range, and substantial support for the

court's decision in the record, we find that the sentence is not plainly unreasonable.

Accordingly, we affirm the district court's order revoking Robinson's supervised release and imposing a twenty-four-month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED