**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4732**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

MICHELE WINGROVE,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern
District of West Virginia, at Parkersburg.  Joseph Robert Goodwin,
District Judge.  (CR-03-28)

———————

Submitted:  October 6, 2006        Decided:  December 28, 2006

———————

Before TRAXLER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, Megan J. Schueler, Assistant Federal Public
Defender, Charleston, West Virginia, for Appellant.  Charles T.
Miller, Acting United States Attorney, R. Gregory McVey, Assistant
United States Attorney, Huntington, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michele Wingrove appeals her sentence of twenty-four months of imprisonment imposed after the district court revoked her supervised release.  We affirm.

On appeal, Wingrove argues that the district court erred by failing to provide an explanation for imposing the statutory maximum sentence that is over twice the Guideline range.  She relies on a Second Circuit decision, United States v. Lewis, 424 F.3d 239 (2d Cir. 2005).  She also argues that her sentence is unreasonable because it does not further the purposes of supervised release.  Wingrove does not contest the district court's decision to revoke her supervised release or the district court's Guideline calculations.  The Government responds that the district court's sentence is not plainly erroneous and is reasonable.

Because Wingrove did not object to the district court's failure to articulate the reasons for its sentence, we review for plain error.  United States v. Olano, 507 U.S. 725, 732 (1993); United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).  Under the plain error standard, Wingrove must show:  (1) there was error; (2) the error was plain; and (3) the error affected her substantial rights.  Olano, 507 U.S. at 732-34.  Even when these conditions are satisfied, we may exercise our discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public

reputation of judicial proceedings." Id. at 736 (internal quotation marks omitted).

In United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2005), this court held that "revocation sentences should be reviewed to determine whether they are 'plainly unreasonable' with regard to those § 3553(a) factors applicable to supervised release revocation sentences." We recognized that analysis of a sentence imposed on revocation of supervised release involves both procedural and substantive components. Id. at 438. We also agreed with the Second Circuit's statement in Lewis that "a court's statement of its reasons for going beyond non-binding policy statements in imposing a sentence after revoking a defendant's supervised release term need not be as specific as has been required when courts departed from guidelines that were, before Booker, considered to be mandatory." Id. at 439 (quoting Lewis, 424 F.3d at 245).

Our review of the record in this case leads us to conclude that, although it could have provided a more detailed statement, the district court's reasons supporting its sentencing decision are sufficiently apparent from the record. Moreover, even if the district court erred, we do not believe the error warrants our corrective action. We further conclude that Wingrove's sentence is not plainly unreasonable.

We therefore affirm Wingrove's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>