**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4882**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEFFREY JOHNSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:01-cr-00005-F)

Submitted:  April 6, 2007              Decided:  May 29, 2007

Before WILKINSON, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Johnson appeals his twenty-four month term of imprisonment imposed after the district court revoked his supervised release. Johnson challenges his sentence on the ground that the length of his revocation sentence is unreasonable.[*] We affirm.

In 2001, Johnson pleaded guilty to making threatening telephone calls in interstate commerce, in violation of 18 U.S.C. § 875(c) (2000). The district court sentenced him to forty-one months' imprisonment, a three-year term of supervised release, and ordered payment of a $2150 fine. The district court imposed a number of conditions on Johnson's supervised release. After serving his term of imprisonment, Johnson was released from prison and began his thirty-six month term of supervised release, under the supervision of the United States Probation Office.

On June 2, 2006, the probation officer filed a motion seeking revocation of Johnson's supervised release, alleging that: (1) from February 2005 until May 2005 Johnson associated with a convicted felon, in violation of a condition of supervised release; (2) after October 2005 Johnson failed to provide his probation officer with verification of his participation in an outpatient sex offender treatment program, as required by a condition of his

_____

[*]Johnson does not challenge the district court's decision to revoke his supervised release.

supervised release; (3) on November 14, 2005, Johnson was arrested for stalking and failed to notify his probation officer within 72 hours of his arrest, as required by his conditions of supervised release; (4) on March 30, 2006, Johnson was convicted in Virginia state court of stalking and was sentenced to twelve months in the Virginia Department of Corrections, with six months of the term suspended; (5) Johnson failed to make scheduled monthly payments toward his fine; and (6) Johnson failed to answer truthfully inquiries made by the probation officer regarding his job. On the worksheet attached to the motion for revocation, the probation officer determined that the criminal conduct was a Grade B violation, and the other violations were Grade C violations. The probation officer calculated that the range of imprisonment suggested by the policy statements in Chapter Seven of the U.S. Sentencing Guidelines Manual ("USSG"), was twelve to eighteen months, based on Johnson's having committed a Grade B violation and having a criminal history category of IV. USSG § 7B1.4(a), p.s. (Revocation Table).

At the revocation hearing, Johnson admitted five of the six allegations against him listed in the motion for revocation, denying only that he failed to answer truthfully to inquiries made by his probation officer. The district court concluded that Johnson violated the conditions of his supervised release based on the five admitted violations alleged in the motion for revocation;

specifically, criminal conduct, failing to participate in a mental health program, failing to pay a monetary obligation, criminal association, and failing to notify his probation officer within 72 hours of his arrest. The district court determined that the offense was a Grade B violation and Johnson's criminal history category was IV, and the court calculated the guideline imprisonment range to be twelve to eighteen months. The maximum statutory term of imprisonment the district court could have imposed in this case was two years. 18 U.S.C. § 3583(e)(3) (2000). After stating that it had considered the policy statements set forth in Chapter Seven of the Guidelines, the district court sentenced Johnson to twenty-four months' imprisonment.

Johnson's sole issue on appeal is that the district court's sentence above the advisory sentencing range of twelve to eighteen months to the statutory maximum of twenty-four months is unreasonable. Given that Johnson failed to object to his sentence in the district court, this court reviews his sentence for plain error. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). We review revocation sentences to determine whether they are "plainly unreasonable" with regard to those 18 U.S.C.A. § 3553(a) factors applicable to supervised release revocation sentences. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). We accord broad discretion to a district court to revoke supervised release and impose a term of imprisonment up to

- 4 -

the statutory maximum.  Id. at 440 (citing United States v. Lewis, 424 F.3d 239, 244 (2d Cir. 2005)).

While Johnson cites to United States v. Moreland, 437 F.3d 424 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006), in support of his assertion that the district court erred because it did not articulate the reasons for the sentence it imposed and failed to tie the basis for its "variance" to the § 3553(a) factors, Moreland does not apply in revocation cases because Chapter Seven, unlike the other chapters in the sentencing guidelines, does not contain any guidelines, but rather policy statements.  See United States v. Davis, 53 F.3d 638, 640 n.6 (4th Cir. 1995) (addressing the nature of the Chapter Seven policy statements); see also Crudup, 461 F.3d at 439 (a court's statement of its reasons for imposing a sentence after revoking a term of supervised release need not be as specific as is required for departing from the now advisory guidelines).

Here, while Johnson was sentenced above the high end of the applicable advisory guideline range, his sentence did not exceed the statutory maximum of two years.  The district court sentenced Johnson after hearing from Johnson, Johnson's counsel, and the probation officer, and following Johnson's admission that he had committed five violations of the conditions of his supervised release, including having been convicted of other criminal conduct and not attending mental health treatment in a sex

offender program.  The district court explicitly stated that it had considered the policy statements on revocation contained in Chapter Seven in imposing the twenty-four month sentence.  The issues were fully presented for the district court's determination, which further supports the conclusion that the court considered all the appropriate factors.  Moreover, the district court's consideration of the evidence and the appropriate statutory factors is implicit in the court's ultimate ruling.  <u>See</u>, <u>e.g.</u>, <u>Davis</u>, 53 F.3d at 642.

Accordingly, we find that Johnson's sentence was not plainly unreasonable.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>