**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 07-4344**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEFFREY V. TURNER,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (3:90-00255-01)

─────────────

Submitted: July 25, 2007          Decided: August 15, 2007

─────────────

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Barron M. Helgoe, VICTOR VICTOR & HELGOE LLP, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Stephanie L. Haines, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey V. Turner appeals a twenty-four month sentence imposed upon revocation of his term of supervised release. He argues on appeal that his revocation sentence is unreasonable because the district court relied on the seriousness of the offense underlying the revocation when determining the sentence, in contravention of 18 U.S.C.A. § 3583(e) (West 2000 & Supp. 2007) and this court's decision in United States v. Crudup, 461 F.3d 433 (4th Cir. 2006), cert. denied, 127 S. Ct. 1813 (2007). We affirm.

In 1991, Turner pled guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (2000), and possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2000). He was sentenced to 181 months of imprisonment followed by a three-year term of supervised release. Turner's supervised release commenced on January 30, 2004. Based on Turner's May 2, 2004, arrest in the Eastern District of Arkansas for traveling with another convicted felon in a vehicle with three firearms, on May 3, 2004, Turner's probation officer filed a "Petition for Warrant or Summons for Offender Under Supervision" against Turner alleging four violations of the terms of his supervised release. Specifically, the petition alleged that Turner (1) committed another crime when he was arrested by the Arkansas State Police in a vehicle that contained three firearms; (2) failed to abide by his supervised release

condition of not possessing a firearm; (3) left his district without permission; and (4) associated with a convicted felon without permission from his probation officer. As a result of his May arrest, Turner was convicted on August 29, 2005, in the district court for the Eastern District of Arkansas for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000).

At the revocation hearing, Turner admitted to the first three violations and the court dismissed the fourth. Based on a prior criminal history category of III, the advisory policy statement range was eight to fourteen months of imprisonment with a statutory maximum of twenty-four months. Turner argued at the hearing that, in accordance with 18 U.S.C.A. § 3583(e) and this court's decision in Crudup, the district court could not consider the seriousness of the offense as a factor in determining his sentence. After significant argument on the issue, the district court revoked Turner's supervised release and sentenced him to the statutory maximum of twenty-four months of imprisonment, finding that the sentence reflected "the nature and circumstances of the offense, the history and characteristics of the defendant and the needs for deterrence."

On appeal, Turner does not contest the revocation of his supervised release. The gravamen of Turner's appeal is that the

court improperly considered the seriousness of the violations in imposing his sentence upon revocation.

Following United States v. Booker, 543 U.S. 220, 261 (2005), this court has held revocation sentences should be reviewed to determine whether they are plainly unreasonable with regard to the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007) factors applicable to supervised release revocation sentences. Crudup, 461 F.3d at 437. This court explained it must first assess the sentence for reasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences. Id. at 438-49. For instance, as mandated by § 3583(e), not all the original sentencing factors of § 3553(a) can be considered when reviewing a revocation sentence. According to § 3583(e), in devising a revocation sentence, the district court is not authorized to consider whether the revocation sentence "'reflect[s] the seriousness of the offense, . . . promote[s] respect for the law, and . . . provide[s] just punishment for the offense,' § 3553(a)(2)(A), or whether there are other 'kinds of sentences available,' § 3553(a)(3)." Crudup, 461 F.3d at 439.

Under Booker and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), a sentence is procedurally reasonable if the district court considered the Chapter Seven policy statement range

- 4 -

and the § 3553(a) factors that it is permitted to consider in a release revocation case.  See 18 U.S.C.A. § 3583(e); Crudup, 461 F.3d at 440.  A sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440.  Should this court conclude a sentence is reasonable, it will affirm the sentence.  Id. at 439.  Only if a sentence is found unreasonable will this court "decide whether the sentence is *plainly* unreasonable."  Id. (emphasis in original).

In Crudup, this court reiterated that, although a district court must consider the Chapter Seven policy statements and the 18 U.S.C.A. § 3553(a) factors applicable to revocation sentences, the district court has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum.  Id. at 439.  The court further reaffirmed that "'a court's statement of its reasons for going beyond non-binding *policy statements* in imposing a sentence after revoking a defendant's supervised release term need not be as specific as has been required when courts departed from *guidelines* that were, before Booker, considered to be mandatory.'"  Id. (quoting United States v. Lewis, 424 F.3d 239, 245 (2nd Cir. 2005)) (emphasis in original).

In this case, there was significant discussion below as to the court's consideration of the seriousness of the offense in

imposing its sentence upon revocation. It is clear from the record that the district court was well aware that the seriousness of the underlying conduct is not a designated factor to be considered in sentencing on revocation of supervised release. The court explicitly stated that it considered the seriousness of the offense only to the extent that it pertained to its permissible consideration of the "nature and circumstances of the offense and the history and characteristics of the defendant." Moreover, here, the seriousness of the offense was clearly not the court's focal point. The court relied heavily on the fact that Turner committed the underlying offense shortly after starting his supervised release. After reviewing the record, we find that the revocation sentence was based primarily on Turner's breach of trust and not primarily upon any impermissible factor. See 18 U.S.C.A. § 3583(e) (specifically directing sentencing courts to consider "the nature and circumstances of the offense and the history and characteristics of the defendant," as set forth in 18 U.S.C.A. § 3553(a)(1)); U.S. Sentencing Guidelines Manual Ch.7, Pt. A(3)(b)) (2007) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."); see also United States v. Simtob, 485 F.3d 1058, 1062 (9th Cir. 2007) (clarifying that, while certain considerations under 18 U.S.C.A.

§ 3553(a)(2)(A) are not proper for the purpose of sentencing upon revocation of supervised release, the seriousness of the offense underlying the revocation, though not a focal point of the inquiry, may be considered to a lesser degree as part of the criminal history of the violator).

We find that Turner's sentence is not plainly unreasonable. Accordingly, we affirm his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED