**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4336**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALBERTO DAVILA,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, District Judge.  (2:89-cr-00400-PMD)

———————

Submitted:  September 26, 2007        Decided:  October 10, 2007

———————

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  Reginald I. Lloyd, United States Attorney, Robert H. Bickerton, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alberto Davila appeals the sentence of forty-eight months' imprisonment he received after the district court revoked his supervised release. He argues that his sentence was plainly unreasonable because the district court relied on factors it was not authorized to consider to determine the length of the sentence, specifically, the seriousness of the offense and a desire to impose a just punishment, factors which are not enumerated in 18 U.S.C.A. § 3583(e) (West 2000 & Supp. 2007), as proper considerations under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). We affirm.

Davila was convicted in South Carolina of cocaine trafficking in 1991, served his federal sentence, and began a term of five years supervised release in 2001. In 2005, Davila was charged in Florida with armed robbery, armed kidnaping, and armed sexual battery with a firearm. He pled guilty to armed burglary and served a two-year state sentence. In 2007, the district court revoked his supervised release. The Chapter 7[1] policy statements established a sentencing range of 24-30 months. At the revocation hearing, Davila disputed the allegation in the violation report that he had gone to his ex-girlfriend's residence, forced his way in, and raped her. Defense counsel argued for a sentence within the range prescribed under the Chapter 7 policy statements, anticipating that the court might depart upward because of the nature of the charges brought against Davila. Counsel related

---

[1]U.S. Sentencing Guidelines Manual ch. 7, pt. A (2006).

Davila's version of events, stating that Davila went to the victim's residence to collect belongings; that she asked him to stay and became angry when he refused; that he found a gun that was not his in the house which accidentally discharged; that he threw the gun into an empty lot next door; and that he was arrested after a neighbor called the police.

The district court reviewed the documents provided by Davila: a medical report which was negative for sperm on the victim, the victim's statement to police, and two incident reports involving the couple from the prior month. The court determined that the victim's statement was more credible than Davila's version of events and that, at the least, he had "terrorized" her while armed with the gun. The court imposed a sentence of forty-eight months and one year of supervised release, stating that it had considered the statutory requirements and the guidelines.

In United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006), cert. denied, 127 S. Ct. 1813 (2007), we held that "revocation sentences should be reviewed to determine whether they are 'plainly unreasonable' with regard to those § 3553(a) factors applicable to supervised release revocation sentences." Review of a revocation sentence involves both procedural and substantive considerations. Id. at 438. A sentence is procedurally reasonable if the court considered the Chapter 7 policy statements and the pertinent factors in § 3553(a). Id. at 440. It is substantively reasonable if the court stated a proper basis for its decision to

impose the sentence.  Id.  Finally, "a court's statement of its reasons for going beyond non-binding policy statements in imposing a sentence after revoking a defendant's supervised release need not be as specific as has been required when courts departed from guidelines that were, before Booker,[2] considered to be mandatory."  Id. at 439 (quoting United States v. Lewis, 424 F.3d 239, 245 (2d Cir. 2005)).

Here, the court did not state a specific reason for imposing a sentence above the Chapter 7 sentencing range, but its comments indicate a concern with Davila's conduct, which the court observed involved a gun and either violence or the threat of violence, and a concern that he might commit similar acts in the future.  These factors are proper concerns for sentencing under § 3553(a)(1) (nature and circumstances of the offense), (2)(B) (adequate deterrence to criminal conduct), and (2)(c) (protection of the public).  Therefore, we conclude that the sentence is not plainly unreasonable.

Accordingly, we affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2]United States v. Booker, 543 U.S. 220 (2005).

-4-