**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4857**

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff – Appellee,

　　　v.

CLARENCE BURGESS,

　　　　　　　Defendant – Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  Joseph R. Goodwin,
Chief District Judge.  (2:05-cr-00142-1)

Submitted:  April 22, 2009　　　　　Decided:  May 15, 2009

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, Christian M. Capece, Assistant Federal Public
Defender, Charleston, West Virginia, for Appellant.  Charles T.
Miller, United States Attorney, Karen B. Schommer, Assistant
United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clarence Burgess pled guilty to one count of conspiracy to possess, manufacture, pass, and utter false instruments, in violation of 18 U.S.C.A. § 371 (West 2004), and was sentenced in November 2005 to ten months' imprisonment followed by three years of supervised release. In August 2008, the district court revoked Burgess' supervised release and sentenced him to twenty-four months' imprisonment. On appeal, Burgess contends that his twenty-four month prison sentence is plainly unreasonable because it does not further the purposes of supervised release. Finding no error, we affirm.

A sentence imposed after revocation of supervised release will be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). In determining whether a sentence is "plainly unreasonable," this court first assesses whether the sentence is procedurally and substantively reasonable. Id. at 438. In evaluating the reasonableness of a revocation sentence, this court views issues of fact and the district court's exercise of discretion with deference. Id. at 439. A district court has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum. Id. Moreover, a district court's statement of reasons for going beyond the

2

Guidelines' non-binding policy statement "in imposing a sentence after revoking a defendant's supervised release need not be as specific as has been required when courts departed from guidelines that were, before Booker, considered to be mandatory." Id. at 439 (quoting United States v. Lewis, 424 F.3d 239, 245 (2d Cir. 2005)).

A sentence is procedurally reasonable if the district court considered the Sentencing Guidelines' Chapter Seven policy statements and the pertinent factors in 18 U.S.C. § 3553(a) (2006). See Crudup, 461 F.3d at 440. A sentence is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. See id. Only if a sentence is found procedurally or substantively unreasonable will this court "then decide whether the sentence is plainly unreasonable." Id. at 439.

In this case, it is undisputed that Burgess' twenty-four month prison sentence falls within the applicable statutory maximum sentence of two years' imprisonment. See 18 U.S.C.A. §§ 371, 3583(e)(3), 3559(a) (West 2006). Additionally, Burgess does not dispute that the district court properly calculated and considered the Guidelines' policy statement range of three to nine months' imprisonment. Further, Burgess does not assert

3

that the district court failed to consider any pertinent sentencing factor under § 3553(a).

Moreover, the district court sufficiently stated a proper basis for its decision to sentence Burgess above the range recommended by the Guidelines. The district court's comments at the revocation hearing indicate that it imposed a sentence above the advisory policy statement range as a result of Burgess' repeated breaches of trust following instances of leniency. See USSG Ch. 7, Pt. A, intro cmt. 3(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust."); see also Crudup, 461 F.3d at 440 (affirming the imposition of the statutory maximum sentence when the appellant had repeatedly violated numerous conditions of his supervised release). Based on the broad discretion that a district court has to revoke a term of supervised release and impose a prison term up to and including the statutory maximum, Burgess' sentence is not unreasonable. Therefore, we find that Burgess' sentence is not plainly unreasonable. See Crudup, 461 F.3d at 438-39.

Accordingly, we affirm the district court's judgment revoking Burgess' supervised release and imposing a twenty-four month prison term. We dispense with oral argument because the facts and legal contentions are adequately presented in the

4

materials before the court and argument would not aid the decisional process.

AFFIRMED