11-44-cr
United States v. Rivas

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**


**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of June, two thousand twelve.


PRESENT:
      RALPH K. WINTER,
      DENNY CHIN,
      CHRISTOPHER F. DRONEY,
          Circuit Judges.

- - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
         Appellee,

      -v.-                    11-44-cr

FERNANDO RIVAS,
         Defendant-Appellant,

KENDY MATOS, MANAURI RODRIGUEZ,
         Defendants.

- - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR APPELLEE: | KATHERINE POLK FAILLA, Assistant United States Attorney (Michael D. Maimin, Assistant United States Attorney, on the brief), for Preet Bharara, United States Attorney for the Southern District of New York, New York, New York. |
| FOR DEFENDANT-APPELLANT: | STEVEN Y. YUROWITZ, ESQ., Newman & Greenberg, New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Gardephe, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED** in part and **MODIFIED** in part.

Defendant-Appellant Fernando Rivas appeals from the district court's judgment of December 22, 2010, convicting him, following a guilty plea, of violating the terms of his supervised release. Rivas was sentenced to concurrent terms of imprisonment of 37 months on each of the two specifications for violating the terms of his supervised release in Case Nos. 03 Cr. 1033 and 04 Cr. 1102, to run consecutively to a 46-month term of imprisonment imposed in case No. 09 Cr. 457.

We assume the parties' familiarity with the facts and procedural history of the case and the issues presented for review, which we summarize below.

On December 22, 2003, Rivas pled guilty to a Hobbs Act robbery conspiracy and the use of a firearm during the conspiracy. On September 30, 2004, pursuant to a cooperation agreement, Rivas pled guilty to two new charges contained in an information: Hobbs Act conspiracy and narcotics conspiracy.

On February 21, 2008, the district court (Wood, <u>J.</u>) sentenced Rivas to time served, taking into account his cooperation. In doing so, the district court relied on a pre-sentence investigation report (the "PSR") that erroneously calculated Rivas's offense level based only on his 2003 crimes without including the conduct charged in the 2004 information. Hence, the offense level was understated. The PSR also

-2-

determined that Rivas was in Criminal History Category ("CHC") III, in part based on a 2000 conviction for promoting prostitution.

Rivas asked the district court to "adopt the recommendation of the probation department, their calculation." The district court adopted "what everyone ha[d] agreed is appropriate" -- the probation department's calculation set forth in the PSR. The district court found a total offense level of 22 and a CHC of III. Although the district court did not state the resulting guidelines range on the record, the PSR had concluded (again, without taking into account the additional criminal conduct) the advisory guidelines range was 135 to 147 months' imprisonment. In recognition of Rivas's cooperation, the district court sentenced him to time served, or effectively 54 months' imprisonment, and a term of supervised release of three years on each of the two counts in the information, concurrently.[1]

In March 2009, Rivas committed another Hobbs Act robbery. He was indicted. He was also charged, based on the same conduct, with violations of his supervised release imposed in February 2008. On January 12, 2010, Rivas pled guilty to the 2009 indictment. On December 21, 2010, as he was to be sentenced for the 2009 charge, he also pled guilty to the two violations.

---

[1] Although Rivas had pled guilty to a total of four counts, two on December 22, 2003, and two on September 30, 2004, the judgment, which bears both docket numbers, refers only to the two counts of the information. The charges in the initial indictment were dismissed at sentencing on motion of the government.

As for the 2009 case, the district court (Gardephe, J.) sentenced Rivas to 46 months' imprisonment, finding a total offense level of 19, a CHC of III, and an advisory guidelines range of 37 to 46 months' imprisonment. In calculating the CHC to be III, the district court rejected the government's argument that Rivas should receive one CHC point for the 2000 conviction for promoting prostitution, which the district court had included in sentencing Rivas in 2008. The CHC remained at III even without the one point because of unrelated amendments to the guidelines. On the violations, the district court found that Rivas had committed a Grade A violation and that because Judge Wood had found in 2008 that Rivas was in CHC III, it would use CHC III as well. See U.S.S.G. § 7B1.4(a). The government noted that without the one point for the 2000 conviction for promoting prostitution, Rivas's CHC in 2008 would have been II and not III. The district court applied a CHC III nonetheless, noting that the probation department, the government, and the defense all agreed that CHC III applied. The district court imposed concurrent terms of 37 months' imprisonment on each of the two specifications, to run consecutively to the 46 months on the 2009 case.

Rivas's appeal is confined to the district court's sentence for the supervised release violations. We review sentences imposed for violations of supervised release for reasonableness, both substantive and procedural. See United States v. Verkhoglyad, 516 F.3d 122, 127 (2d Cir. 2008); United

States v. Lewis, 424 F.3d 239, 243 (2d Cir. 2005). Rivas failed to object at sentencing to the calculation of his criminal history category, and thus the Court reviews for plain error. See United States v. Caban, 173 F.3d 89, 92 (2d Cir. 1999).

Rivas first argues that the district court incorrectly calculated his criminal history category by adopting the CHC of III applied at his 2008 sentencing. Rivas contends that because the district court did not include his 2000 conviction for promoting prostitution in its CHC calculation for the 2009 case, it was error for the court to include it in calculating the advisory guidelines range for the supervised release violations.

The government argues that Rivas waived this claim by explicitly agreeing in the district court that CHC III applied. We need not decide the waiver issue, for we conclude that the district court did not err, much less plainly err.

The guidelines provide that the CHC to be used at sentencing for a supervised release violation is "the category applicable at the time the defendant originally was sentenced to a term of supervision." U.S.S.G. § 7B1.4. Here, Judge Wood applied a CHC of III at the original sentencing in 2008, without objection from Rivas. At the sentencing in 2010, Judge Gardephe ruled that he would apply the same CHC used by Judge Wood, as prescribed by § 7B1.4, again without objection from Rivas. See U.S.S.G. § 7B1.4; id. cmt. n.1 ("The criminal history category to be used in determining the applicable range of imprisonment [for a supervised release violation] is the category determined at the

time the defendant originally was sentenced to the term of supervision.").  Judge Gardephe thus did not err in his calculation, even if he would have calculated Rivas's CHC as category II instead of III had he been making the original calculation in 2008.

Rivas also argues that the district court's sentence for the supervised release violations exceeded the statutory maximum set forth in 18 U.S.C. § 3583(e)(3), which provides that a defendant serving a term of supervised release for a class C or D felony may be sentenced to no more than twenty-four months in prison if his supervised release is revoked due to a violation. The district court imposed two terms of thirty-seven months of imprisonment, to run concurrently, for the violations.[2]  Here, the judgment entered on February 28, 2008, listed two counts: Hobbs Act robbery conspiracy, a class C felony, and cocaine distribution conspiracy, a class A felony.  As the government acknowledges, a class C felony could only carry up to twenty-four months' imprisonment.  Because the district court ordered the sentences to run concurrently, however, the error is merely technical.  The district court could have imposed one thirty-seven month sentence for the violation of supervised release imposed pursuant to the class A felony, and one twenty-four month sentence for the violation related to the class C felony, and

---

[2]     The district court's reference to "each violation" and its imposition of two thirty-seven month terms of imprisonment refers to the fact that two specifications gave rise to the term of supervised release.

Rivas's sentence would stay the same.  Nevertheless, the error should be corrected, and this Court has the authority to correct errors in the judgment that do not "change the aggregate sentence that has been imposed."  United States v. McLeod, 251 F.3d 78, 83–84 (2d Cir. 2001).  We therefore order the correction of the 2010 judgment and conviction so that it reads as follows: "Thirty-seven (37) months' imprisonment on Count Two of 04 Cr. 1102 (PGG), to run concurrently with twenty-four (24) months' imprisonment on Count One of 04 Cr. 1102 (PGG)."

We have considered all of Rivas's remaining arguments and conclude that they are without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED** in part and **MODIFIED** in part as set forth above.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK