United States v. Smith

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of June, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         REENA RAGGI,
         GERARD E. LYNCH,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
              <u>Appellee</u>,

        -v.-                              13-2147

BRIAN AVERY SMITH,
         <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              HERBERT L. GREENMAN, Lipsitz
                           Green Scime Cambria LLP,
                           Buffalo, New York.

FOR APPELLEE:              MONICA RICHARDS (<u>with</u> Joseph J.
                           Karaszewski <u>on the brief</u>) for
                           William J. Hochul, Jr., United
                           States Attorney for the Western
                           District of New York, Buffalo,
                           New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **REMANDED**.

Brian Avery Smith challenges the reasonableness of the sentence imposed, after a plea agreement entered for violations of his probation, in the United States District Court for the Western District of New York (Arcara, J.). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

By the time of the sentencing hearing on the probation violations, Smith had been incarcerated for 14 months. Smith requested a within-guidelines sentence of between four and ten months. Defense counsel advocated for a guidelines sentence because he hoped that any term of incarceration above that range could be attributed to a future sentence if there was a conviction or guilty plea to other then-pending charges. The government advocated for a sentence at the highest end of the guideline range.

The record is not clear as to whether the court intended to impose an above-guidelines sentence of time served (14 months) or to impose a sentence within the guidelines range. Compare Sentencing Tr. at 9:3-10, United States v. Smith, No. 11-CR-024 (W.D.N.Y. May 10, 2013) (discussing possibility of consecutive sentence totaling 13 months), with id. at 11:21-22 ("I have sentenced to time served, which is within the guidelines range."). And, if the court intended an above-guidelines sentence achieved through consecutive terms, an in-court statement of reasons was required. See 18 U.S.C. § 3553(c)(2); United States v. Lewis, 424 F.3d 239, 245 (2d Cir. 2005).

We therefore remand in accordance with the procedure set forth in United States v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994), for the district court to clarify whether it intended to impose an above-guidelines sentence of consecutive terms totaling 14 months, and if so, for a statement of reasons pursuant to 18 U.S.C. § 3553(c)(2). The government does not object to the district court holding a hearing for this purpose.

For the foregoing reasons, we hereby **REMAND** the judgment of the district court for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK