**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4046**

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

HOWARD ALTON SMOOT,

                                        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (5:00-cr-00005-6)

Submitted:  July 24, 2007                Decided:  July 27, 2007

Before WILKINSON, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Emily Marroquin, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Howard Alton Smoot appeals his twenty-four month term of imprisonment imposed after the district court revoked his supervised release for committing another federal, state, or local crime, a Grade A violation pursuant to U.S. Sentencing Guideline Manual ("USSG") § 7B1.1(a)(1) (2006). Smoot's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Smoot was notified of his right to file a supplemental brief, but has not done so. Smoot's sole issue on appeal is that the district court's sentence of the statutory maximum of twenty-four months[1] is unreasonable.[2] We affirm.

We review revocation sentences to determine whether they are "plainly unreasonable" with regard to those 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), factors applicable to supervised release revocation sentences. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). We accord broad discretion to a district court to revoke supervised release and impose a term of

---

[1]The Revocation Table suggested by the policy statements in Chapter Seven of the USSG provided for a guideline range of thirty-three to forty-one months of imprisonment, based on the violation and a criminal history category of VI. USSG § 7B1.4(a), p.s. (Revocation Table). However, because the guideline range exceeded the statutorily authorized maximum sentence of twenty-four months, the statutory sentence shall be substituted for the guideline range. See 18 U.S.C. § 3583(e)(3); USSG § 7B1.4(b)(1).

[2]Smoot does not challenge the district court's decision to revoke his supervised release, and indeed, stipulated to the violations which form the basis of his sentence.

imprisonment up to the statutory maximum. Id. at 440 (citing United States v. Lewis, 424 F.3d 239, 244 (2d Cir. 2005)).

Smoot cites to United States v. Moreland, 437 F.3d 424 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006), in support of his assertion that the district court erred because it did not "appear to adequately and properly consider" the statutory factors and gave excessive weight to particular § 3553(a) factors because it stated that it sentenced Smoot based on its need to protect the public. However, Moreland does not apply in revocation cases because Chapter Seven, unlike the other chapters in the sentencing guidelines, does not contain any guidelines, but rather policy statements. See United States v. Davis, 53 F.3d 638, 640 n.6 (4th Cir. 1995) (addressing the nature of the Chapter Seven policy statements); see also Crudup, 461 F.3d at 439.

Here, Smoot was sentenced at the applicable statutory maximum of two years. The district court sentenced Smoot after hearing argument from him and his attorney, and after reviewing documentation Smoot submitted in support of leniency. The issues were fully presented for the district court's determination, which supports the conclusion that the court considered all the appropriate factors. Moreover, the district court's consideration of the evidence and the appropriate statutory factors is implicit in the court's ultimate ruling. See, e.g., Davis, 53 F.3d at 642.

Accordingly, we find that Smoot's sentence was not plainly unreasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Smoot's conviction and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>