**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4155**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ELIZABETH JENKINS, a/k/a Lady Bird,

Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Chief District Judge.  (1:95-cr-00002-IMK)

---

Submitted:  July 25, 2007          Decided:  August 9, 2007

---

Before NIEMEYER and MOTZ, Circuit Judges, and WILKINS, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Scott C. Brown, SCOTT C. BROWN LAW OFFICE, Wheeling, West Virginia, for Appellant.  Sharon L. Potter, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On November 3, 1995, Elizabeth Jenkins was sentenced to seventy-seven months' imprisonment and a three year term of supervised release based on a guilty plea to a charge of conspiring to possess with intent to distribute and distribution of controlled substances. On April 26, 1999, Jenkins' sentence was reduced to sixty-three months' imprisonment following a successful 28 U.S.C. § 2255 (2000) motion. This sentence was to run concurrently with Jenkins' state sentences. Jenkins completed her federal sentence on May 31, 2000, but remained in state custody until approximately June 25, 2005.

On October 3, 2006, the United States Probation Office filed a petition for a warrant or summons for Jenkins, which alleged that she failed to report to the probation office within seventy-two hours of her release from state custody. Jenkins was arrested that same month in Florida. Jenkins eventually bonded out on November 9, 2006; however, a warrant for her arrest was issued two days later for alleged failures to comply with the conditions of her supervised release. Jenkins was eventually arrested on December 23, 2006.

The probation office submitted an amended petition for a warrant or summons for Jenkins on January 9, 2007. This amended petition alleged four new violations in addition to the original allegation of failing to report to probation. The petition alleged

Jenkins possessed and used cocaine because she tested positive for cocaine use when arrested in October 2006. The petition also alleged Jenkins possessed and used cocaine in December 2006 because, when arrested on December 23, 2006, Jenkins admitted to owning a crack pipe and to smoking crack the night before her arrest.

Jenkins appeared for her revocation hearing on January 10, 2007 and admitted to the five alleged violations. The district court found Jenkins in violation and imposed a six month sentence and thirty months of supervised release. Jenkins timely noted her appeal and has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which she raises two potential errors.[*] We affirm the district court's judgment.

On appeal, Jenkins first questions whether the three years of supervised release from her original sentence expired on May 31, 2003. Following her successful § 2255 motion, Jenkins' sentence was reduced to sixty-three months and was to run concurrent to any state sentence. Jenkins completed her federal sentence on May 31, 2000. However, her three years of supervised release did not then end on May 31, 2003 because Jenkins remained in state custody until June 25, 2005 and 18 U.S.C. § 3624(e) (2000) states, in pertinent part, that "a term of supervised release does

---

[*]Jenkins was advised of her right to file a pro se supplemental brief. She has elected not to do so.

not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State or local crime." 18 U.S.C. § 3624(e). Therefore, Jenkins' three years of supervised release did not begin until June 25, 2005.

Jenkins next questions whether the district court erred in revoking her supervised release. A decision to revoke a defendant's supervised release is reviewed for abuse of discretion. United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). A district court need only find a violation by a preponderance of the evidence to revoke a defendant's supervised release. 18 U.S.C.A. § 3583(e)(3) (West 2000 and Supp. 2006). Here, Jenkins, under oath, admitted to each of the five alleged violations. Jenkins attempts to excuse her failure to initially report based on her attorney's allegedly erroneous advice that she did not need to report to federal probation. The district court did not err in revoking Jenkins' supervised release as, again, she admitted under oath to each of the alleged violations.

Finally, Jenkins questions whether the district court erred in imposing a six month sentence and thirty months of supervised release. This court reviews a sentence imposed as a result of a supervised release violation to determine whether the sentence was plainly unreasonable. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). The first step in this analysis is whether the sentence was unreasonable. Id. 461 F.3d at 438. This

court, in determining reasonableness, follows generally the procedural and substantive considerations employed in reviewing original sentences. Id. If a sentence imposed after a revocation is not unreasonable, this court will not proceed to the second prong of the analysis - whether the sentence was *plainly* unreasonable. Id. at 439 (emphasis added).

Also, although a district court must consider the helpful policy statements in Chapter Seven of the sentencing guidelines along with the statutory requirements of 18 U.S.C. § 3583 (2000) and 18 U.S.C. § 3553(a) (2000), the district court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum. Crudup, 461 F.3d at 439 (quoting United States v. Lewis, 424 F.3d 239, 244 (2d Cir. 2005)). Finally, on review, this court will assume a deferential appellate posture concerning issues of fact and the exercise of discretion. Id.

Jenkins' sentence was both procedurally and substantively reasonable. Prior to imposing sentence, the district court properly determined Jenkins' advisory guidelines range. Jenkins' most serious violation was a grade C offense, and combined with her criminal history category of IV, resulted in an advisory guidelines sentence of six months to two years. USSG § 7B1.4(a). The district court also determined that Jenkins admitted to five violations of the conditions of her supervised release, including

failing to report to probation.  Moreover, after being released on bond, Jenkins refused to comply with the conditions of her release and, again, disappeared from supervision.  Accordingly, her six-month sentence with an additional thirty months of supervised release was both procedurally and substantively reasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Jenkins, in writing, of the right to petition the Supreme Court of the United States for further review.  If Jenkins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Jenkins.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>