**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-5151**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONALD ANIELLO AVERSON,

Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Thomas E. Johnston, District Judge.  (5:04-cr-00160)

---

Submitted:  October 29, 2007      Decided:  November 8, 2007

---

Before WILKINSON and MOTZ, Circuit Judges, and WILKINS, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellant Counsel, Lex A. Coleman, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, John L. File, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Aniello Averson appeals the district court's order imposing a fifteen-month sentence after revoking Averson's supervised release. Ronald Aniello Averson was convicted in 2003 of conspiracy to unlawfully transport stolen property in interstate commerce. He was sentenced to twenty-four months' incarceration, to be followed by a three year term of supervised release.

After Averson began serving his term of supervised release, Averson's probation officer petitioned the district court, alleging that Averson violated the terms of his release by testing positive for cocaine and oxycodone. On June 14, 2006, the district court found that Averson violated the conditions of his release by using narcotics and sentenced him to one day in custody, followed by twenty-four months of supervised release. Six months of the supervised release were to be served living in a halfway house.

Averson began supervised release in June 2006. Approximately three months later, Averson's probation officer again petitioned the district court, alleging that Averson violated the terms of his release by testing positive for cocaine. At the following revocation hearing, the district court determined that Averson had violated the conditions of his release. The district court therefore revoked supervised release.

The district court noted that the sentencing guidelines recommended a range of four to ten months' imprisonment, but that

under the statute, the district court could impose a maximum term of twenty-three months and twenty-nine days. The district court commented:

> After consideration of the applicable statutes and guideline provisions, including 18 U.S.C. Section 3553(a), I am ready to impose sentence.
>
> . . . Mr. Averson, on a previous occasion you came before me on a revocation petition and I gave you what I think was a break. I gave you one day of imprisonment to be followed by six months in a halfway house. You have not taken the opportunity to avail yourself of that break.

The district court imposed fifteen months' imprisonment, to be followed by eighteen months of supervised release.

Averson argues on appeal that his sentence was plainly unreasonable because it was "unduly punitive and does not serve the purposes of supervised release." A sentence imposed after revocation of supervised release should be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006), cert. denied, 127 S. Ct. 1813 (2007). In determining whether a sentence is "plainly unreasonable," this Court first assesses whether the sentence is procedurally and substantively reasonable. Crudup, 461 F.3d at 438.

In evaluating the reasonableness of a revocation sentence, this court views issues of fact and the district court's exercise of discretion with deference. Id. at 439. A district

court has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum. Id. Moreover, a district court's statement of reasons for going beyond non-binding policy statement "in imposing a sentence after revoking a defendant's supervised release need not be as specific as has been required when courts departed from *guidelines* that were, before Booker, considered to be mandatory." Crudup, 461 F.3d at 439 (quoting Lewis, 424 F.3d at 245).

A sentence is procedurally reasonable if the district court considered the guidelines' Chapter 7 policy statements and the pertinent factors in 18 U.S.C. § 3553(a) (2000). See Crudup, 461 F.3d at 440. A sentence is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. See id. Only if a sentence is found procedurally or substantively unreasonable will this Court "then decide whether the sentence is *plainly* unreasonable." Id. at 439.

Procedurally, the district court explicitly stated that it considered the required statutory factors and the guideline provisions in sentencing Averson. The district court expressly considered the guidelines advisory range of four to ten months' imprisonment, and Averson does not argue that the court failed to consider any pertinent sentencing factors under § 3553(a).

- 4 -

Substantively, the district court sufficiently stated a proper basis for its decision to sentence Averson above the guidelines range. The district court's comments indicate that it imposed a sentence above the guidelines range because Averson's breach of trust was a repeat violation following an instance of extreme leniency. See generally USSG Ch.7, Pt.A, intro. comment. 3(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust."); see also Crudup, 461 F.3d at 440 (affirming the imposition of the statutory maximum sentence when the appellant had repeatedly violated numerous conditions of his supervised release). The district court also noted Averson's need for substance abuse treatment and required that he participate in a drug treatment program as a condition of supervised release. Based on the broad discretion that a district court has to revoke supervised release and impose a term of imprisonment up to the statutory maximum, Averson's sentence was not unreasonable. Therefore, we find Averson's sentence was not plainly unreasonable.

Accordingly, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED