UNITED STATES of America,
Appellee,

v.

Richard PARHAM, also known as John Doe I, also known as Big Mouth, also known as Richard Parkham, Defendant–Appellant.

No. 06–4855–cr.

United States Court of Appeals,
Second Circuit.

Feb. 25, 2008.

See also 1997 WL 772765.

Martin J. Siegel, New York, NY, for Defendant–Appellant.

Arianna R. Berg and Daniel A. Braun, Assistant United States Attorneys, for Michael J. Garcia, United States Attorney for the Southern District of New York, for Appellee.

PRESENT: Hon. WALKER, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Richard Parham ("Parham") appeals a judgment of the Southern District of New York (Berman, *J.*). We assume the parties' familiarity with the underlying facts and procedural history of the case.

In August 1996, Parham pled guilty to conspiracy to distribute and possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846, and was sentenced to 120 months of imprisonment and a five-year term of supervised release subject to the condition that he submit to drug testing and participate in substance abuse treatment. Parham was released from prison and began supervised release in April 2004. From December 2004 until March 2005, he tested positive for marijuana use four times. After a period of compliance, Parham stopped reporting for his required visits to the Probation Office and ceased submitting to mandatory drug tests. He was subsequently arrested by

the New York City Housing Police for criminal trespass in the second degree and for unlawful possession of marijuana.

Parham pled guilty to violating the conditions of his supervised release by failing to undergo mandatory drug testing. The district court sentenced him to three months of imprisonment and four years and nine months of supervised release. Parham appeals this extension of supervised release.

We affirm. We review sentencing determinations for reasonableness. *United States v. Kane,* 452 F.3d 140, 144 (2d Cir. 2006) (per curiam) (describing reasonableness review as akin to review for abuse of discretion). Reasonableness review has procedural and substantive components. *See United States v. Florez,* 447 F.3d 145, 157 (2d Cir.2006). "The procedural inquiry focuses 'primarily on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a).'" *Id.* (quoting *United States v. Canova,* 412 F.3d 331, 350 (2d Cir.2005)). We also review a sentence for its substantive reasonableness, considering whether the length of the sentence is reasonable in light of the applicable United States Sentencing Guidelines ("U.S.S.G.") range and other relevant factors set forth in 18 U.S.C. § 3553(a) ("Section 3553(a)"). *See United States v. Crosby,* 397 F.3d 103, 114 (2d Cir.2005).

Pursuant to 18 U.S.C. § 3583(e), if a sentencing court determines that a defendant has violated the terms of his supervised release, it "may, after considering a variety of factors set forth in [Section 3553(a) ] ... revoke a defendant's term of supervised release." *United States v. Lewis,* 424 F.3d 239, 243–44 (2d Cir.2005) (internal quotation marks omitted). Upon revocation, the court may "require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision." 18 U.S.C. § 3583(e)(3). Such a term of imprisonment may be followed by an additional term of supervised release, which "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." *Id.* § 3583(h).

Parham claims that the district court failed to consider the so-called "parsimony clause" of Section 3553(a) because he was sentenced to the statutory maximum term of supervised release. The district court specifically addressed the reasons why Parham required a long term of supervised release, namely his need for substance abuse treatment and therapeutic counseling. We see no indication that the district court did not consider the parsimony provision of Section 3553(a). *See United States v. Fernandez,* 443 F.3d 19, 30 (2d Cir.2006). The district court appropriately considered all of the sentencing factors outlined in Section 3553(a), described several of them, and contemplated the need for the sentence to "reflect the seriousness of the offense, promote respect for the law, [and] provide a just punishment." *See United States v. Williams,* 443 F.3d 35, 47–48 (2d Cir.2006) ("[T]he court in sentencing a defendant for violation of supervised release may properly consider the seriousness of his offense.").

Parham's challenge to his sentence on the ground that it was too long for a Grade C violation also fails. The appellant stated in his initial brief that "[t]he maximum sentence should, by definition, be reserved for the most serious violations and the most serious offenders, or sentencing loses rationality." Even if we were to recognize

such a rule, it would not assist Parham, since he did not receive the maximum sentence (five years imprisonment) to which he was exposed. We have considered Parham's remaining arguments and find them to be without merit.

Accordingly, the sentence is AFFIRMED.