**UNITED STATES of America,
Appellee,**

v.

**Eddie SMALLS, Defendant–Appellant.**

No. 07–2659–cr.

United States Court of Appeals,
Second Circuit.

Aug. 29, 2008.

Thomas G. Dennis, Federal Defender, Deirdre A. Murray, Assistant Federal Defender (Shannon Siragusa, Research and Writing Attorney, on the brief), Hartford, CT, for the Defendant–Appellant.

Kevin J. O'Connor, United States Attorney, District of Connecticut, Christopher M. Mattei, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, of counsel), Hartford, CT, for the Appellee.

Present: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

**SUMMARY ORDER**

Defendant-appellant Eddie Smalls appeals from a June 19, 2007 judgment entered in the United States District Court for the District of Connecticut (Burns, *J.* ) sentencing him to a term of imprisonment of 46 months for violating his supervised release, to run consecutively to Smalls's 8–year sentence for the conduct giving rise to the violation of his supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

On appeal, Smalls claims that the District Court erred both procedurally and substantively. Smalls alleges that the District Court erred procedurally by impermissibly relying on considerations of generally escalating gun-related violence in New Haven, Connecticut instead of the requisite defendant-specific section 3553(a) factors. He further alleges that his consecutive term of imprisonment of 46 months is substantively unreasonable. Smalls did not raise these issues before the District Court.

We review a district court's sentencing decision for both substantive and procedural reasonableness. *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

The procedural inquiry focuses primarily on the sentencing court's compliance with its statutory obligations to consider the factors detailed in 18 U.S.C. § 3553(a), while the substantive inquiry assesses the length of the sentence imposed in light of the § 3553(a) factors. *United States v. Verkhoglyad,* 516 F.3d 122, 127 (2d Cir.2008) (internal quotation marks, citations, and alterations omitted).

The District Court did not err procedurally when it imposed a consecutive term of imprisonment of 46 months. The totality of the record reveals that the District Court adequately considered all of the relevant § 3553(a) factors and policy statements. Moreover, the court did not improperly rely on facts and circumstances outside the scope of § 3553(a) when it made a passing reference to current gun-related violence in the city of New Haven, Connecticut. The court specifically stated that "there has to be an understanding among people who are on supervised release that violation of their conditions of release is going to incur sanctions from this [c]ourt." To that end, the District Court reasonably exercised its discretion

in imposing a consecutive sentence instead of the concurrent sentence requested by Smalls. *See* U.S.S.G. § 7B1.3(f) ("Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving. . . .").

Moreover, the District Court's comments were entirely appropriate in light of § 3553(a)(2)(B) because they reflected the court's assessment of the need for the sentence to provide general deterrence to those on supervised release from violating the conditions of their supervised release. The record also demonstrates that the District Court fully understood its authority to depart from the Guidelines and to impose a non-Guidelines sentence. In this respect, the District Court "set forth enough to satisfy [this Court] that [it] ha[d] considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *See Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007).

Similarly, the District Court did not impose a substantively unreasonable sentence with a term of incarceration of 46 months to run consecutive to a term of imprisonment of 8 years. The court was aware that in Smalls's criminal history category of V, a Grade A violation yielded an advisory Guidelines range of 46–57 months. The court properly identified the nature of Smalls's violation of his supervised release—to wit, associating with a known felon and commission of a state crime. The court also considered and rejected Smalls's arguments for a concurrent sentence. Finally, the District Court's imposition of a consecutive sentence reflected its consideration of Smalls's state sentence and the need generally to deter individuals

from violating the conditions of their supervised release. Accordingly, a term of imprisonment of 46 months, to run consecutive to a 8–year term of imprisonment, was substantively reasonable under the circumstances presented. *See United States v. Williams,* 443 F.3d 35, 47–48 (2d Cir.2006) (§ 3538(e) "requir[es] consideration of the enumerated subsections of § 3553(a), without forbidding consideration of other pertinent factors . . . [or] consideration of the seriousness of the releasee's violation").

Smalls's sentencing challenges were unpreserved in the District Court. We review an unpreserved sentencing challenge for plain error, reversing only if there (1) is an error (2) that is plain, (3) which affected the substantial rights of the defendant, and (4) which seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *See* Fed. R.Crim.P. 52(b); *United States v. Lewis,* 424 F.3d 239, 243–49 (2d Cir.2005) (discussing plain error standard in the context of an unpreserved challenge to sentence imposed pursuant to revocation of supervised release). For the reasons stated above, we conclude that the District Court committed no procedural or substantive error, much less plain error, in sentencing Smalls. We therefore AFFIRM the judgment of the District Court.