**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4294**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

KIM A. PRATER,

Defendant – Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, Chief District Judge. (1:01-cr-00018-jpj-1; 1:03-cr-00075-jpj-1)

Submitted: March 10, 2009          Decided: March 27, 2009

Before TRAXLER, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian K. Miller, LAW OFFICES OF BRIAN K. MILLER, P.C., Richmond, Virginia, for Appellant. Julia C. Dudley, Acting United States Attorney, Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kim A. Prater appeals the district court's order revoking his supervised release and sentencing him to sixty-six months' imprisonment. We have reviewed the record and find no error. Accordingly, we deny his motion to file a pro se supplemental brief and affirm.

Prater was originally found guilty of ten counts of filing false claims with the Internal Revenue Service; however, after two substantial assistance motions by the Government, Prater was sentenced to only eighteen months' imprisonment. Prater was also convicted of failing to surrender for service of sentence and sentenced to an additional four months' imprisonment. Prater was sentenced to a period of supervised release for both convictions. He began his supervised release on February 14, 2005.

Prater's probation officer filed a supervised release violation report that alleged sixteen separate violations. At the revocation hearing, the district court found that Prater committed each of the alleged violations and revoked his supervised release. The district court then sentenced Prater to six months' imprisonment on each of the ten false claim counts and an additional six months' imprisonment on his failure to surrender conviction, all to run consecutively. On appeal, Prater contends that his sentence was plainly unreasonable.

2

This court reviews a sentence imposed as a result of a supervised release violation to determine whether the sentence was plainly unreasonable. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). The first step in this analysis is whether the sentence was unreasonable. Id. This court, in determining reasonableness, follows generally the procedural and substantive considerations employed in reviewing original sentences. Id. If a sentence imposed after a revocation is not unreasonable, this court will not proceed to the second prong of the analysis - whether the sentence was plainly unreasonable. Id. at 439.

Although a district court must consider the policy statements in Chapter Seven of the sentencing guidelines along with the statutory requirements of 18 U.S.C. § 3583 (2006) and 18 U.S.C. § 3553(a) (2006), the district court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum. Crudup, 461 F.3d at 439 (quoting United States v. Lewis, 424 F.3d 239, 244 (2d Cir. 2005)). On review, this court will assume a deferential appellate posture concerning issues of fact and the exercise of discretion. Id.

Prater argues that his sentence was plainly unreasonable because the Government failed to prove that he obtained property by false pretenses. Prater contends that any

3

representation that occurred in the transactions was as to a future event, and Virginia law requires a misrepresentation of a present or past fact. Even assuming that Prater is correct, the evidence in the record is more than sufficient to establish by a preponderance of the evidence that Prater made false representations at the time he received the property. See 18 U.S.C. § 3583(e)(3) (2006) (providing that a violation of supervised release need only be proven by a preponderance of the evidence). The district court did not err in relying on this evidence to establish that Prater violated his supervised release.

Prater's sentence was also substantively reasonable. Upon revocation of his supervised release, Prater faced a possible sentence of twenty-two years' imprisonment. Prater admitted to multiple violations of the terms of his supervised release. Moreover, after receiving the benefit of two substantial assistance departures, Prater continued to engage in financial crimes that defrauded innocent third parties. We thus conclude the district court did not err in sentencing Prater. Accordingly, we deny Prater's motion to file a pro se supplemental brief and affirm the judgment of the district court. We dispense with oral argument as the facts and legal contentions of the parties are adequately presented in the

4

materials before the court and argument would not aid the decisional process.

AFFIRMED