**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4791**

UNITED STATES OF AMERICA,

           Plaintiff – Appellee,

      v.

RONALD DELANE BRYANT,

           Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Senior District Judge.  (1:01-cr-00096-NCT-1)

Submitted:  March 11, 2009          Decided:  March 30, 2009

Before MOTZ and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Todd A. Smith, LAW FIRM OF TODD A. SMITH, Graham, North Carolina, for Appellant.  Robert Albert Jamison Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Delane Bryant was found in violation of the terms and conditions of his supervised release and was sentenced to eighteen months' imprisonment, to be followed by twelve months of supervised release. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). In the Anders brief, counsel suggests that Bryant's sentence was unreasonable due to his poor mental health and the challenging conditions of the environment in which he was living while trying to complete supervised release. We affirm.

This court reviews a sentence imposed as a result of a supervised release violation to determine whether the sentence was plainly unreasonable. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). The first step in this analysis is whether the sentence was unreasonable. Id. at 438. This court, in determining reasonableness, follows generally the procedural and substantive considerations employed in reviewing original sentences. Id. If a sentence imposed after a revocation is not unreasonable, this court will not proceed to the second prong of the analysis--whether the sentence was plainly unreasonable. Id. at 439.

Although a district court must consider the policy statements in Chapter Seven of the sentencing guidelines along with the statutory requirements of 18 U.S.C. § 3583 (2006) and

2

18 U.S.C. § 3553(a) (2006), the district court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum. Crudup, 461 F.3d at 439 (quoting United States v. Lewis, 424 F.3d 239, 244 (2d Cir. 2005)). Finally, on review, this court will assume a deferential appellate posture concerning issues of fact and the exercise of discretion. Id.

Bryant's sentence was both procedurally and substantively reasonable. Bryant's most serious offense was a grade B offense; this offense, combined with his criminal history category of V, resulted in an advisory guidelines range of eighteen to twenty-four months' imprisonment. U.S. Sentencing Guidelines Manual (USSG) § 7B1.4(a) (2007). Bryant's eighteen-month sentence was within the two-year statutory maximum and his advisory guidelines range. 18 U.S.C. § 3583(e)(3) (2006). Prior to imposing sentence, the district court heard the argument of counsel and Bryant's allocution. Additionally, there is no evidence in the record that the district court failed to consider the 18 U.S.C. § 3553(a) (2006) factors prior to imposing sentence. See United States v. Johnson, 138 F.3d 115, 118 (4th Cir. 1998).

Bryant's sentence, at the low end of the applicable policy statement range, was also substantively reasonable. Bryant admitted to multiple violations of the conditions of his

3

supervised release and was given several opportunities by his probation officer to comply with the terms and conditions of his supervised release prior to the probation officer filing a request for a summons.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Bryant's sentence. This court requires that counsel inform Bryant, in writing, of the right to petition the Supreme Court of the United States for further review. If Bryant requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bryant.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>