**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 08-4724**

─────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

DERRICK VERNARD TERRY,

              Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge.  (5:99-cr-00102-BO-1)

─────────

Submitted:  April 9, 2009              Decided:  June 29, 2009

─────────

Before MICHAEL, SHEDD, and AGEE, Circuit Judges.

─────────

Vacated and remanded by unpublished per curiam opinion.

─────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. George E. B. Holding, United States Attorney, Anne M.
Hayes, Jennifer P. May-Parker, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Vernard Terry appeals from the fifty-one month sentence imposed after he was found in violation of the terms and conditions of his supervised release. Terry alleges that his sentence is plainly unreasonable because he was sentenced based on a Grade A violation and his conduct only constituted a Grade B violation.

On April 22, 2008, the Probation Officer filed a motion for revocation against Terry, alleging that Terry violated the terms of his supervised release by possessing a box of ammunition for a .40 caliber semi-automatic handgun. Terry advised Special Agent James Ament of the Bureau of Alcohol Tobacco Firearms and Explosives (ATFE) that he purchased the handgun from a co-worker. The supervised release violation worksheet listed Terry's violation as "criminal conduct," a Grade A violation. With a criminal history category of VI, the range of imprisonment was 51-60 months.

Terry admitted the violation and stipulated that there was a factual basis for it. Agent Ament testified that he participated in the search of the residence where Terry was staying in relation to a state probation warrant out for Terry. A partially full box of .40 caliber ammunition was found. Agent Ament interviewed Terry about the ammunition and whether Terry had a gun. Terry stated that he purchased a handgun from a co-

2

worker for his girlfriend's protection when he was not at home with her.

Agent Ament also testified that he and Terry "talked about some drugs for awhile, and I advised Mr. Terry, I said we [k]now you are still dealing in drugs.  And he said he might be dabbling in it a little bit to pay some bills."  (J.A. 16).  Agent Ament also testified that Terry listed several individuals in the Rocky Mount area from whom he "felt he could get drugs." (J.A. 17).  Terry later sent a letter to the probation office stating that Agent Ament had made up the story about his possible admission of drug distribution.

The district court asked the Assistant United States Attorney for the sentencing range and she replied the range was 51 to 60 months.  Defense counsel then asked the court for leniency since Terry was subject to future prosecution.  The court pronounced a sentence of 51 months without additional reasoning or discussion.

We review a sentence imposed as a result of a supervised release violation to determine whether the sentence was plainly unreasonable.  United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006).  The first step in this analysis is a determination of whether the sentence was unreasonable.  Id. at 438.  In determining reasonableness, we follow generally the procedural and substantive considerations employed in reviewing

3

original sentences. Id. If a sentence imposed after a revocation is not unreasonable, the court will not proceed to the second prong of the analysis--whether the sentence was plainly unreasonable. Id. at 438-39. However, a court's improper calculation of the Guidelines range may "render a sentence unreasonable." United States v. Jones, 531 F.3d 163, 170 (2d Cir. 2008) (citing Gall v. United States, 128 S. Ct. 586, 597 (2008)).

Although a district court must consider the policy statements in Chapter Seven of the Sentencing Guidelines along with the statutory requirements of 18 U.S.C. § 3583 (2006) and 18 U.S.C. § 3553(a) (2006), "'the court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum.'" Crudup, 461 F.3d at 439 (quoting United States v. Lewis, 424 F.3d 239, 244 (2d Cir. 2005)) (internal quotation marks omitted). Finally, on review, we will assume a deferential appellate posture concerning issues of fact and the exercise of discretion. Crudup, 461 F.3d at 439.

Terry argues that his sentence is unreasonable because he was sentenced based on a Grade A violation, but that his violation qualified only as a Grade B violation and therefore the Guidelines range was improperly calculated. He further argues that his sentence is unreasonable because the district

4

court did not provide a sufficient explanation of the sentence to allow this court to review its reasonableness. Because Terry did not raise the issue in the district court, the claim is reviewed for plain error. See Fed. R. Crim. P. 52(b); United States v. White, 405 F.3d 208, 215 (4th Cir. 2005). To demonstrate plain error, a defendant must establish that error occurred, that it was plain, and that it affected his substantial rights. United States v. Olano, 507 U.S. 725, 731-32 (1993). If a defendant establishes these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks omitted).

The conduct that constituted the violation could have brought a prosecution under 18 U.S.C. § 922(g)(1) (2006). Under Application Note 5 of U.S. Sentencing Guidelines Manual § 7B1.1, "possession of a firearm . . . will generally constitute a Grade B violation, because 18 U.S.C. § 922(g) prohibits a convicted felon from possessing a firearm." The conduct that Terry admitted and that was most specifically outlined in the motion for revocation involved only the possession of ammunition and admission that he had purchased a firearm. With a Grade B

5

violation and a criminal history category of VI, the Guidelines range would have been 21 to 27 months.

The Government argues that there was no plain error in sentencing Terry for a Grade A violation because Agent Ament testified that Terry admitted that he was still dealing in drugs. A felony offense that is a controlled substance offense is conduct that constitutes a Grade A violation. USSG § 7B1.1(a)(1). Agent Ament's testimony was that Terry admitted that he might be dabbling in distribution and provided names of dealers from whom he could get drugs. The Government contends that the AUSA maintained below that Terry was still dealing drugs, and that Terry did not counter or object to this argument.

The Guidelines state that the "grade of violation does not depend upon the conduct that is the subject of criminal charges or of which the defendant is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the defendant's actual conduct." USSG § 7B1.1, comment. n.1. Therefore the Government contends that all of Terry's alleged conduct may be considered in determining the grade of the violation.

The district court did not make any findings on the alleged drug distribution. Although Terry did not contest Agent Ament's testimony at the hearing, he did send a letter to his

6

probation officer stating that Agent Ament's summary of his interview with him was false. This letter was introduced as evidence at the hearing. Further, without a firm statement from the court that it was finding a violation based upon the alleged drug distribution, it can be assumed that the court was confirming the charge detailed in the motion for revocation, which was based only on the ammunition and firearm.

As purely advisory policy statements, the sentencing ranges provided by USSG § 7B1.4, p.s., do not bind the sentencing court. See United States v. Davis, 53 F.3d 638, 640 n.6, 642 (4th Cir. 1995). The district court has broad authority to revoke the supervised release sentence and impose a term of imprisonment up to the statutory maximum. Crudup, 461 F.3d at 440. Therefore, the district court could have sentenced Terry up to the five-year statutory maximum. However, considering that it sentenced Terry at the lowest end of the Guidelines range, we conclude that there exists a non-speculative basis to infer prejudice.

We therefore vacate the judgment and remand for further proceedings to determine whether the district court found a Grade A or Grade B violation, calculate a new Guidelines range, if necessary, and resentence Terry accordingly. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>