09-4412-cr
United States v. Gomez

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of November, two thousand and ten.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             RICHARD C. WESLEY,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                              *Appellee*,

             -v.-                                          09-4412-cr

MARINO GOMEZ,

                              *Defendant-Appellant*.

_____

For Appellee:        Thomas G.A. Brown (*of counsel*) and Katherine Polk Failla (*on the brief)*, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney, Southern District of New York.

For Appellant:       Mary Mulligan and Rahul Agarwal (*on the brief*), Friedman Kaplan Seiler & Adelman LLP, New York, NY.


Appeal from the United States District Court for the Southern District of New York (Griesa, *J.*).

**ON CONSIDERATION WHEREOF**, **IT IS HEREBY ORDERED**, **ADJUDGED**, **AND DECREED** that the judgment of said District Court be and hereby is **REMANDED**.

Marino Gomez appeals from a sentence of 150 months in prison, following his plea of guilty to an eight-count indictment charging Gomez with importing and participating in a conspiracy to import kilogram quantities of heroin. Gomez objects that the District Court (1) improperly calculated the quantity of heroin attributable to him; (2) failed to consider the conditions of his earlier imprisonment in Colombia for the same conduct; and (3) imposed a leadership enhancement without making specific factual findings in open court. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented on appeal.

First, Gomez argues that the District Court improperly found that he distributed and imported 30 kilograms or more of heroin, based on statements he made during proffer sessions with the Government. In reviewing a drug quantity finding, "we are mindful that the district court has broad discretion to consider all relevant information and the quantity determination will not be disturbed unless it is clearly erroneous." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (internal quotation marks omitted). Gomez argues that he and the Government entered into agreements before the proffer sessions that prohibited the Government from offering Gomez's proffer statements as evidence. However, Gomez's counsel – not the Government – first informed the District Court that Gomez had admitted to the Government during proffer sessions his role in importing "at least 20 to 30 kilograms of heroin" and did not thereafter dispute this evidence. It was not clearly erroneous for the District Court to rely on this admission, nor did the Government violate its proffer agreements with Gomez.

Gomez also argues that the District Court erred by finding that he distributed and imported 30 or more kilograms of heroin, given that the District Court previously found that his codefendant, Ramiro Montoya-Montoya ("Montoya"), the leader of the heroin organization, distributed less heroin. This argument is meritless. The District Court was not bound, when sentencing Gomez, by the factual finding it previously made regarding the drug weight attributable to Montoya. Although in December 2005 the Government could not prove by a preponderance of the evidence that Montoya distributed and imported 30 kilograms or more of heroin, this did not prevent the District Court from finding in October 2009 – nearly four years later and based on additional evidence – that Gomez distributed and imported 30 kilograms or more of heroin. To the extent Gomez is concerned about a rational relationship between his and Montoya's sentences, this is a concern of Title 18, Section 3553, for which the District Court did account when it imposed on Gomez a sentence that was thirty months shorter than Montoya's.

Second, Gomez argues that although the District Court reduced his sentence by 13 months for the time he spent imprisoned in Colombia for dealing heroin, it did not properly consider "the deplorable conditions" he faced during this incarceration. In the absence of record evidence suggesting otherwise, we presume that a sentencing judge faithfully discharged his duty to consider the Section 3553(a) factors. *See United States v. Legros*, 529 F.3d 470, 478 (2d Cir. 2008). Here, Gomez provided no evidence that the District Court committed procedural error in its consideration of the conditions of confinement. Further, given the sparse evidence that Gomez submitted – a United States Department of State report that criticized the general conditions of the Colombian prisons in which Gomez was incarcerated, but no evidence or

testimony about the conditions Gomez actually faced in those prisons – the District Court's 13-month reduction for his 13-month confinement in Colombia was substantively reasonable because it was "within the range of permissible decisions." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Third, Gomez argues that the District Court erred by concluding that Gomez was a "supervisor or manager" under Sentencing Guidelines Section 3B1.1(b), without making particularized factual findings in open court regarding this enhancement. A district court must make specific factual findings to support a sentence enhancement under Sentencing Guidelines Section 3B1.1. *United States v. Zagari*, 111 F.3d 307, 330 (2d Cir. 1997). "A district court satisfies its obligation to make the requisite specific factual findings when it explicitly adopts the factual findings set forth in the presentence report." *United States v. Molina*, 356 F.3d 269, 275 (2d Cir. 2004). In addition, the district court must "state in open court the reasons for its imposition of the particular sentence." *United States v. Carter*, 489 F.3d 528, 539 (2d Cir. 2007) (quoting 18 U.S.C. § 3553(c)).

At sentencing, Gomez did not object to the leadership enhancement on the ground that the District Court failed to make adequate findings. In such a case, a challenge to the sufficiency of the findings is reviewable only for plain error. *United States v. Ware*, 577 F.3d 442, 452 (2d Cir. 2009). Under plain error review, this Court may correct an error not raised below if the appellant shows that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010) (internal quotation marks and citations omitted).

Here, the District Court did not explicitly adopt the factual findings in the presentence report (PSR) regarding Gomez's leadership. Nor did the Court make any specific factual findings to support the sentence enhancement. The District Court's sole statement regarding its leadership finding was:

> The question . . . is whether to add nothing as far as his role or whether to add four levels because he was a leader, as advocated by the government, or whether to deem him a manager, in which case three levels would be added. I am going to add three levels, which gives us a net offense level of 38.

The District Court committed plain error. First, the District Court erred by failing to make specific factual findings or to explicitly adopt the findings in the PSR. Second, the error was clear. Our case law and Section 3553(c) require the District Court to state in open court its reasons for the sentence, yet the District Court failed to make any factual findings regarding the role enhancement. Third, when a district court's statement provides "an insufficient basis . . . for us to determine why the district court did what it did," that is an error that affects a defendant's "substantial rights." *United States v. Lewis*, 424 F.3d 239, 247 n.5 (2d Cir. 2005). Lastly, where the district court does not comply with the statutory provision that "[t]he court, at the time of sentencing, shall state in open court the reasons for the imposition of the particular sentence," 18

3

U.S.C. § 3553(c), such lack of a meaningfully explanatory statement undermines "understanding of, trust in, and respect for the court and its proceedings on the part both of those who are themselves parties to the proceeding and those who are not." *Lewis*, 424 F.3d at 247.

Accordingly, we **VACATE** the sentence and **REMAND** with directions to the District Court either to make specific findings to support the leadership enhancement under Sentencing Guidelines Section 3B1.1(b) or to sentence Gomez without regard to that leadership enhancement.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk