**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4398**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMAR ALI COVINGTON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:07-cr-00302-BR-1)

Submitted: January 27, 2011          Decided: March 1, 2011

Before SHEDD, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2008, Jamar Ali Covington pleaded guilty to possession of a firearm after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (2006), and the district court sentenced him to twenty-seven months of imprisonment followed by three years of supervised release. Subsequently, Covington pleaded guilty to violating the terms of his supervised release, and the court sentenced him to twenty-four months of imprisonment. Covington now appeals, arguing that the revocation sentence is plainly unreasonable. Finding no error, we affirm.

This court reviews a sentence imposed as a result of a supervised release violation to determine whether the sentence was plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). The first step in this analysis is a determination of whether the sentence was unreasonable. Id. at 438. This court, in determining reasonableness, follows generally the procedural and substantive considerations employed in reviewing original sentences. Id. On review, we will assume a deferential appellate posture concerning issues of fact and the exercise of discretion. Id. at 439.

Although a district court must consider the policy statements in Chapter Seven of the sentencing guidelines along

2

with the statutory requirements of 18 U.S.C. § 3583 (2006) and 18 U.S.C. § 3553(a) (2006), "'the court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum.'" Crudup, 461 F.3d at 439 (quoting United States v. Lewis, 424 F.3d 239, 244 (2d Cir. 2005)) (internal quotation marks omitted). If a sentence imposed after a revocation is not unreasonable, we will not proceed to the second prong of the analysis — whether the sentence was plainly unreasonable. Crudup, 461 F.3d at 438-39. We have thoroughly reviewed the record and conclude that the sentence imposed by the district court is reasonable, and therefore we have no need to consider whether the sentence is plainly unreasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED