**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5002**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TIMOTHY ARNOLD REYNOLDS,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:02-cr-00390-JAB-1)

Submitted: April 7, 2011        Decided: April 15, 2011

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Eric D. Placke, Assistant Federal Publice Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2003, Timothy Arnold Reynolds pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a) (2006), and the district court sentenced him to sixty-four months of imprisonment followed by three years of supervised release. Subsequently, Reynolds pleaded guilty to violating the terms of his supervised release and the court sentenced him to eighteen months of imprisonment. Reynolds now appeals, arguing that the revocation sentence is plainly unreasonable. Finding no error, we affirm.

This court reviews a sentence imposed as a result of a supervised release violation to determine whether the sentence was plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). The first step in this analysis is a determination of whether the sentence was unreasonable. Id. at 438. This court, in determining reasonableness, follows generally the procedural and substantive considerations employed in reviewing original sentences. Id. On review, we will assume a deferential appellate posture concerning issues of fact and the exercise of discretion. Id. at 439.

Although a district court must consider the policy statements in Chapter Seven of the sentencing guidelines along with the statutory requirements of 18 U.S.C. § 3583 (2006) and 18 U.S.C. § 3553(a) (2006), "'the court ultimately has broad

2

discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum.'" Crudup, 461 F.3d at 439 (quoting United States v. Lewis, 424 F.3d 239, 244 (2d Cir. 2005)) (internal quotation marks omitted). If a sentence imposed after a revocation is not unreasonable, we will not proceed to the second prong of the analysis—whether the sentence was plainly unreasonable. Crudup, 461 F.3d at 438-39. We have thoroughly reviewed the record and conclude that the sentence imposed by the district court is reasonable, and therefore we have no need to consider whether the sentence is plainly unreasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED