11-1874-cr
United States v. Kellibrew

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of February, two thousand twelve.

PRESENT: RALPH K. WINTER,
REENA RAGGI,
DENNY CHIN,
  *Circuit Judges.*

-----------------------------------------------------------------------
UNITED STATES OF AMERICA,
  *Appellee*,

v.                                                    No. 11-1874-cr

KAIRI KELLIBREW,
  *Defendant-Appellant.*
-----------------------------------------------------------------------

FOR APPELLANT:      Danielle Neroni Reilly, Esq., Albany, New York.

FOR APPELLEE:       Paul D. Silver, Edward P. Grogan, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 12, 2011, is AFFIRMED.

Kairi Kellibrew's supervised release on a District of Columbia conviction for racketeering involving drugs and guns was transferred to the Northern District of New York. He now appeals his sixty-month prison sentence for violation of supervised release by the commission of another crime, heroin possession. In reviewing Kellibrew's contention that the sentence is procedurally and substantively unreasonable, we apply a deferential abuse-of-discretion standard. See Gall v. United States, 552 U.S. 38, 41 (2007); accord United States v. Verkhoglyad, 516 F.3d 122, 136 (2d Cir. 2008). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Procedural Reasonableness

Kellibrew contends that the district court committed procedural error by (1) classifying his violation as Grade C rather than Grade B under U.S.S.G. § 7B1.1; (2) failing to consider applicable Sentencing Commission policy statements, see id. § 7B1.4, as well as the sentencing factors detailed in 18 U.S.C. § 3553(a); and (3) failing to explain its non-Guidelines sentence, as required by 18 U.S.C. § 3553(c)(2). Because Kellibrew did not raise these objections before the district court, we review only for plain error, see United States v. Verkhoglyad, 516 F.3d at 127–28, and identify none here.

The district court's erroneous identification of Kellibrew's offense as a Grade C violation only inured to his benefit in understating the Guidelines' view of the severity of his

2

violation. Thus, it cannot have affected Kellibrew's "substantial rights." See United States v. Villafuerte, 502 F.3d 204, 209 (2d Cir. 2007).

Kellibrew's contention that the district court failed to consider the Guidelines policy statements, see 18 U.S.C. § 3553(a)(4)(B) (requiring a court to consider "applicable guidelines or policy statements" of the Sentencing Commission in cases of violations of supervised release), or any of the other § 3553(a) factors, is meritless. "No robotic incantations are required to prove the fact of consideration, and we will not assume a failure of consideration simply because a district court fails to enumerate or discuss each § 3553(a) factor individually." United States v. Verkhoglyad, 516 F.3d at 131 (internal quotation marks omitted). Nor will we assume "simply from the fact that the district court did not reference the [applicable] sentencing range provided in U.S.S.G. § 7B1.4(a), that it failed to satisfy its § 3553(a)(4)(B) obligation." Id. at 129. Here, the record in fact shows that the district court specifically referenced the policy statements at multiple points in the sentencing proceeding, and discussed at length § 3553(a) factors such as the seriousness of Kellibrew's offense, his personal history, his risk of recidivism, and the need to protect the public.

Nor did the district court fail to explain its variance from the advisory Guidelines range, as required by 18 U.S.C. § 3553(c)(2). "[A] court's statement of its reasons for going beyond non-binding policy statements in imposing a sentence after revoking a defendant's supervised release term need not be as specific as has been required when courts departed from guidelines that were, before [United States v. Booker, 543 U.S. 220 (2005)], considered to be mandatory." United States v. Lewis, 424 F.3d 239, 245 (2d Cir. 2005) (emphasis in

3

original); accord United States v. Verkhoglyad, 516 F.3d at 128. Both orally and in writing, the court explained that it deemed the advisory Guidelines "insufficient to protect the public" from the high risk of Kellibrew's continued criminal behavior. In sum, we conclude that the sentence was procedurally reasonable.

2.      Substantive Reasonableness

Kellibrew's claim of substantive unreasonableness is similarly meritless. A five-year prison term, in light of the district court's recitation of Kellibrew's continuing recidivism and the "absolute threat to the public" he posed, Sentencing Tr. at 65, is not so high as to fall outside the range of permissible sentences for his violation of supervised release. See United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc); United States v. Verkhoglyad, 516 F.3d at 134–36.

3.      Conclusion

The judgment of the district court is therefore AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4