**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4353**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

LEVON BELLAMY,

        Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:02-cr-00581-TLW-1)

Submitted:  November 8, 2012     Decided:  November 16, 2012

Before MOTZ, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, Florence,
South Carolina, for Appellant. William E. Day II, Assistant
United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2003, Levon Bellamy pleaded guilty to conspiracy to possess with intent to distribute and distribute cocaine base, in violation of 21 U.S.C. § 846 (2006), and possession of a firearm after sustaining a prior conviction for an offense punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (2006), and the district court sentenced him to 144 months of imprisonment, followed by five years of supervised release. On the Government's motion, the court subsequently reduced Bellamy's sentence to ninety-six months of imprisonment. Bellamy later admitted to violating the terms of his supervised release, and the court sentenced him to a total of eighteen months of imprisonment. Bellamy now appeals from the revocation of his supervised release. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the sentence was plainly unreasonable. Bellamy was informed of his right to file a pro se supplemental brief but has not done so. Finding no error, we affirm.

This court reviews a sentence imposed as a result of a supervised release violation to determine whether the sentence was plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). The first step in this analysis is a determination of whether the sentence was unreasonable. Id. at

2

438.  This court, in determining reasonableness, follows generally the procedural and substantive considerations employed in reviewing original sentences.  Id.  On review, we will assume a deferential appellate posture concerning issues of fact and the exercise of discretion.  Id. at 439.

Although a district court must consider the policy statements in Chapter Seven of the Sentencing Guidelines along with the statutory requirements of 18 U.S.C. § 3583 (2006) and 18 U.S.C. § 3553(a) (2006), "'the court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum.'"  Crudup, 461 F.3d at 439 (quoting United States v. Lewis, 424 F.3d 239, 244 (2d Cir. 2005)) (internal quotation marks omitted).  If a sentence imposed after a revocation is not unreasonable, we will not proceed to the second prong of the analysis — whether the sentence was plainly unreasonable.  Crudup, 461 F.3d at 438-39. We have thoroughly reviewed the record and conclude that the sentence imposed by the district court is reasonable.  We therefore need not determine whether the revocation sentence was plainly unreasonable.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal.  Accordingly, we affirm the judgment of the district court.  This court requires that counsel inform Bellamy, in

3

writing, of the right to petition the Supreme Court of the United States for further review. If Bellamy requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bellamy. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED