**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4600**

———————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

OTIS KELLY,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Beaufort.   Sol Blatt, Jr., Senior District
Judge.   (9:09-cr-00982-SB-1)

———————

Submitted:  December 12, 2013      Decided:  December 19, 2013

———————

Before MOTZ, KING, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

J. Robert Haley, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant.  Michael Rhett DeHart, Assistant
United States Attorney, Charleston, South Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Otis Kelly pleaded guilty to passing counterfeit currency, in violation of 18 U.S.C. § 472 (2012). The district court sentenced Kelly to three years of probation in March 2011. Kelly subsequently pleaded guilty to violating the terms of his probation and the district court sentenced Kelly to twelve months and one day of imprisonment, with no period of supervised release to follow. Kelly now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the revocation sentence is reasonable. Kelly was informed of his right to file a pro se supplemental brief, but he has not done so. Finding no error, we affirm.

Counsel questions whether the sentence is reasonable. Upon finding a probation violation, the district court may revoke probation and resentence the defendant to any sentence within the statutory maximum for the original offense. 18 U.S.C. § 3565(a) (2006); United States v. Schaefer, 120 F.3d 505, 507 (4th Cir. 1997). "[W]e review probation revocation sentences, like supervised release revocation sentences, to determine if they are plainly unreasonable." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). We first assess the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our

2

review of original sentences." United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). Only if we determine that a sentence is procedurally or substantively unreasonable will we "decide whether the sentence is plainly unreasonable." Id.

Although a district court must consider the policy statements in Chapter Seven of the sentencing guidelines along with the statutory requirements of 18 U.S.C. § 3553(a) (2006), "'the court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum.'" Crudup, 461 F.3d at 439 (quoting United States v. Lewis, 424 F.3d 239, 244 (2d Cir. 2005)) (internal quotation marks omitted); see also Moulden, 478 F.3d at 656-57. In addition, "[t]he court must provide a statement of reasons for the sentence imposed, as with the typical sentencing procedure, but this statement 'need not be as specific as has been required'" for original sentences. Moulden, 478 F.3d at 657 (quoting Crudup, 461 F.3d at 438). We have thoroughly reviewed the record and conclude that the sentence imposed is both procedurally and substantively reasonable; it follows, therefore, that the sentence is not plainly unreasonable.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Kelly, in

3

writing, of the right to petition the Supreme Court of the United States for further review. If Kelly requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Kelly. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED